**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUI GAN CHEN, | No. 08-70903 |
| Petitioner, | Agency No. A098-268-939 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Yui Gan Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant the petition for review and remand.

Chen has not raised any direct challenge to the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (stating that issues not supported by argument are deemed abandoned).

The BIA found that even assuming Chen engaged in other resistance to China's family planning policy, he failed to demonstrate harm rising to the level of persecution. In doing so, the BIA did not consider his wife's sterilization or address Chen's assertion that his wife's sterilization should be considered even though it did not render him per se eligible for relief because their marriage was not registered at the time of her sterilization. Because the BIA did not address Chen's argument, *Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009), and in light of our decision in *Jiang v. Holder*, 611 F.3d 1086, 1094-97 (9th Cir. 2010) (concluding wife's forced abortion was relevant to issues of resistance and persecution despite no per se eligibility under 8 U.S.C. § 1101(a)(42)(B)), we remand for the agency to reassess Chen's asylum and withholding of removal claims. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**